**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0000595**
**18-NOV-2015**
**08:55 AM**

NO.   CAAP-13-0000595

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RUTH RYAN, Plaintiff/Counterclaim Defendant/Appellee,
v.
JOHN HERZOG, Defendant/Counter-Claimant/Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
LAHAINA DIVISION
(DC-CIVIL NO. 08-1-0948)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Reifurth, Ginoza, JJ.)

Defendant-Appellant John Herzog (Herzog) appeals *pro se* from the Judgment, filed on April 25, 2013, by the District Court of the Second Circuit, Lahaina Division (district court).[1]  In this appeal, Herzog challenges the district court's: oral ruling granting "Plaintiff's Motion to Quash Subpoena and Stay Discovery," on May 24, 2012; "Order Denying Defendant's Motion for Order & Judgment on ICA Order for Costs," filed on August 21, 2012; "Order Denying Defendant's Motion to Compel Discovery & Continue Hearing on Motion to Dismiss," filed on August 21, 2012; "Order Denying Defendant's Motion to Disqualify or in the Alternative to Recuse Judge Kobayashi," filed on April 15, 2013; and "Order Granting Plaintiff's Motion to Dismiss Any and All Remaining Claims & for an Award of Attorney's Fees and Costs," filed on April 15, 2013.

---

[1]     The Honorable Blaine J. Kobayashi presided.

This is the second appeal in this case. In the first appeal, Ryan v. Herzog, No. 29461, 2011 WL 6376650, 126 Hawai'i 25, 265 P.3d 494 (App. Dec. 16, 2011) (SDO), this court concluded that Herzog's challenge to a Judgment for Possession and Writ of Possession was moot, but also determined that the district court had erroneously struck Herzog's "Answer and Motion to Dismiss." Id. at *1-2. The case was remanded for further proceedings.[2]

The orders and Judgment from which Herzog now seeks review in this appeal were decided after the case was remanded. In this appeal, Herzog contends the district court erred when it: (1) did not allow Herzog to pursue his defenses, as well as a retaliatory eviction counterclaim; (2) denied "Defendant's Motion for Order and Judgment on ICA Order for Costs"; (3) awarded attorney's fees to Plaintiff-Counterclaim Defendant-Appellee Ruth Ryan (Ryan); (4) granted "Plaintiff's Motion to Quash Subpoena and Stay Discovery"; (5) concluded that "Defendant's Motion to Compel Discovery and Continue Hearing on the Motion to Dismiss" was moot; and (6) did not disqualify or recuse itself.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Herzog's points of error as follows, and affirm in part and reverse in part.

**1. Retaliatory eviction claim.** Herzog contends that, during the remand, the district court denied him his procedural due process rights when it did not allow him to pursue a counterclaim for retaliatory eviction under Hawaii Revised Statutes (HRS) § 521-74(c) (2006), as well as his affirmative defenses and interference claims related to his eviction, which

_____

[2] In her Complaint, Plaintiff-Counterclaim Defendant-Appellee Ruth Ryan (Ryan) sought not only to remove Herzog from the subject premises, but also sought judgment against Herzog in "[a]mounts to be proven at trial." When Herzog filed the first appeal, Ryan's claim for money damages had not yet been resolved.

he asserts were set out or preserved in his Answer and Motion to Dismiss.

To the extent that Herzog contends he should have been allowed to pursue his defenses, any defenses had become moot by the time of remand because by that time, all of Ryan's claims were completely resolved. As noted, this court had determined during the first appeal that the possession issue was moot. Moreover, Ryan's damages claim had also been resolved. That is, Herzog filed his first Notice of Appeal on November 12, 2008, at which point Ryan's claim for money damages was still pending. Subsequently, a judgment was entered by the district court on March 31, 2009 awarding $0 damages to Ryan. Thus, because all of Ryan's claims were resolved by the time the case was remanded, any defenses Herzog wanted to raise were moot.

Herzog also contends that the district court erred in not allowing him to pursue on remand a counterclaim under HRS § 521-74(c). As the district court noted, however, before the first appeal was taken, Herzog had filed a counterclaim which the district court struck on September 4, 2008, and on November 10, 2008, the district court also denied Herzog's motion for leave to file a counterclaim. In his first appeal, Herzog did not raise any issue regarding his counterclaim being struck or the denial of his motion for leave to file a counterclaim. Those issues were thus waived.

On remand, the district court held that Herzog's motion, again seeking to pursue a counterclaim, was untimely. Given the circumstances in this case, we conclude the district court did not abuse its discretion in denying Herzog's Motion for Leave of Court to File a Counter Claim.

**2. Herzog's "Motion for Order and Judgment on ICA Order for Costs."** Herzog contends that the district court erred when it denied his "Motion for Order and Judgment on ICA Order for Costs." In the first appeal, this court granted costs to Herzog in the amount of $1,395.68 under Hawai'i Rules of Appellate Procedure (HRAP) Rule 39. To the extent discernable, it appears that Herzog asserts that under HRS § 607-16 (1993), the district court should have awarded him further costs incurred in the

3

district court prior to the first appeal. Herzog's contention lacks merit because HRS § 607-16 does not authorize the district court to award such costs.

Thus, the district court did not err when it denied "Defendant's Motion for Order and Judgment on ICA Order for Costs."

**3. Attorney's Fees.** Herzog contends the district court erred when it awarded additional attorney's fees to Ryan. Ryan filed "Plaintiff's Motion to Dismiss Any and All Remaining Claims and For an Award of Attorney's Fees and Costs" claiming attorney's fees and costs pursuant to HRS § 666-14 (1993). In its Findings of Fact and Conclusions of Law, filed on June 7, 2013, the district court concluded that: "[p]ursuant to Hawaii Revised Statutes, §666-14, Plaintiff is entitled to an award of attorney's fees and costs in the amount of $9,114.53[.]"

HRS § 666-14 provides:

> **§ 666-14 Writ stayed how, in proceedings for nonpayment of rent.** The issuing of the writ of possession shall be stayed in the case of a proceeding for the nonpayment of rent, if the person owing the rent, before the writ is actually issued, pays the rent due and interest thereon at the rate of eight per cent a year and all costs and charges of the proceedings, and all expenses incurred by plaintiff, including a reasonable fee for the plaintiff's attorney.

On remand in this case, there was no issue related to the writ of possession, no issue related to staying a writ of possession, and no issue regarding nonpayment of rent. In short, HRS § 666-14 does not apply to the proceedings on remand. See Paglinawan v. Rompel, No. CAAP-11-0000426, 2013 WL 1131604, 129 Hawai'i 294, 298 P.3d 1058, at *3 (App. Mar. 18, 2013) (mem.) (noting that HRS § 666-14 only applies when a writ of possession is issued based upon nonpayment of rent).

Therefore, the district court abused its discretion in awarding Ryan attorney's fees under HRS § 666-14.

**4. and 5. Ryan's Motion to Quash Subpoena and Stay Discovery, and Herzog's Motion to Compel Discovery.** Herzog contends the district court erred when it granted "Plaintiff's Motion to Quash Subpoena and Stay Discovery." "On review, the action of a trial court in enforcing or quashing the subpoena

will be disturbed only if plainly arbitrary and without support in the record." Bank of Haw. v. Shaw, 83 Hawai'i 50, 59, 924 P.2d 544, 553 (App. 1996) (citations and internal quotation marks omitted).

Herzog issued a subpoena and sought discovery from Michael Smythe (Smythe), the process server of Ryan's Complaint. Herzog argued that Smythe would have helped to establish Herzog's affirmative defenses. The district court noted that there was a hearing scheduled on Herzog's Motion to Dismiss and that hearing could potentially dispose of the case and make discovery unnecessary. Thus, the district court ruled that discovery at that stage was premature.

The district court's decision to quash the subpoena was not plainly arbitrary or without support in the record. Herzog sought to establish that Smythe improperly served him with Ryan's Complaint. Given the pending hearing on Herzog's Motion to Dismiss, it was within the district court's discretion to not allow discovery via the subpoena at that point.

Similarly, given the circumstances in this case, the district court did not abuse its discretion in denying "Defendant's Motion to Compel Discovery and Continue Hearing on Motion to Dismiss." As noted above, by the time the case was remanded, there were no claims pending by Ryan. Moreover, the district court did not abuse its discretion in ruling that Herzog's attempt to again file a counterclaim was untimely. Thus, the district court's rulings denying discovery were not an abuse of discretion.

**6. Defendant's Motion to Disqualify or in the Alternative to Recuse the District Court Judge.** On December 10, 2008, Herzog filed a "Motion to Disqualify or in the Alternative Recuse," which the district court denied. Herzog contends that the district court erred in denying his motion because the court lacked impartiality and fundamental fairness.

A judge's recusal is limited "to situations where the judge's impartiality might reasonably be questioned." State v. Ross, 89 Hawai'i 371, 380, 974 P.2d 11, 20 (1998) (citation and internal quotation marks and emphasis omitted). "[A] judge owes a

duty not to withdraw from a case . . . where the circumstances do not *fairly* give rise to an appearance of impropriety and do not *reasonably* cast suspicion on his impartiality." State v. Brown, 70 Haw. 459, 467 n.3, 776 P.2d 1182, 1188 n.3 (1989). Thus "the test for disqualification due to the 'appearance of impropriety' is an objective one, based not on the beliefs of the petitioner or the judge, but on the assessment of a reasonable impartial onlooker apprised of all the facts." Ross, 89 Hawai'i at 380, 974 P.2d at 20. Based on an objective review of this case, we conclude that Herzog's claim of partiality is not supported in the record.

Furthermore, as to Herzog's claim that the district court was biased, "[d]isqualification is not automatic simply because a party files an affidavit [pursuant to HRS § 601-7(b)]. The affidavit must state the facts and the reasons for the belief that bias or prejudice exists, and must be sufficient for a sane and reasonable mind to fairly infer bias or prejudice." Chen v. Hoeflinger, 127 Hawai'i 346, 362, 279 P.3d 11, 27 (App. 2012) (citations, internal quotation marks, and brackets omitted).

As evidence of bias or prejudice Herzog simply reiterates all of the district court's rulings that Herzog disagrees with. "Bias cannot be premised on adverse rulings alone." Arquette v. State, 128 Hawai'i 423, 448, 290 P.3d 493, 518 (2012). Here, the district court's rulings against Herzog, in and of themselves, are not sufficient evidence for a reasonable person to assess bias or prejudice. Therefore, the district court judge did not abuse his discretion when he did not disqualify or recuse himself.

Therefore,

IT IS HEREBY ORDERED that the following rulings by the district court are affirmed: (1) the "Order Denying Defendant's Motion for Order and Judgment on ICA Order for Costs"; (2) the oral ruling granting "Plaintiff's Motion to Quash Subpoena and Stay Discovery"; (3) the "Order Denying Defendant's Motion to Disqualify or in the Alternative to Recuse Judge Kobayashi"; and (4) the "Order Denying Defendant's Motion to Compel Discovery and Continue Hearing on Motion to Dismiss."

However, we reverse the award of attorney's fees to Ryan in the amount of $9,114.53, and therefore we also reverse the Judgment entered on April 25, 2013 to the extent it awards Ryan attorney's fees.

DATED:  Honolulu, Hawai'i, November 18, 2015.

On the briefs:

John Herzog,
Defendant/Counter-Claimant/
Appellant pro se.

Douglas J. Sameshima,
for Plaintiff/Appellee.

Presiding Judge

Associate Judge

Associate Judge